## Lena Barnett v. Deborah Marks.

1. HUSBAND AND WIFE—*Liability of Wife for House Rent.*—In a suit against a wife for the rent of a dwelling house leased by her husband, it was shown that the wife occupied the premises, or a part thereof, from the beginning of the lease until some time in the last month of the term. *Held,* on appeal, that the trial court properly refused to hold the following proposition of law : " If any portion of the premises described in the lease introduced in this cause was sublet by the tenant to any other person than his wife, * * * and were occupied by such person, then the defendant is not liable in this cause."

2. SAME—*The Husband Not a Necessary Party in a Suit for Family Expenses.*—The liability of a wife for family expenses is several as well as joint, and it is not necessary to a recovery against her that there should also be a recovery against her husband, and if there is no judgment against him in a suit before a justice, it is not necessary that he should be a party on appeal.

**Transcript,** from a justice of the peace. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed June 14, 1897.

BLUM & BLUM, attorneys for appellant.

J. M. LONGENECKER and S. J. McCAULL, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellant concedes that house rent is a family expense for which, under our statute, both husband and wife are

liable, whether the wife signed the lease or not, but insists
that where the husband alone signs the lease and then sub-
lets a portion of the premises to any other person who pro-
ceeds to occupy such sublet part, the wife is no longer liable;
and it is assigned and argued as error that the trial court
refused to hold the following proposition of law, viz.:

"That if any portion of the premises described in the
lease introduced in this cause was sublet by Abraham Bar-
nett to any other person than Lena Barnett, his wife, for
the month of April, 1896, and were occupied by such per-
son or persons to whom sublet, then the defendant, Lena
Barnett, is not liable in this cause."

Such proposition was rightly refused.

Although it seems to have been established that some
time after the making of the lease, and the occupancy of
the premises by the appellant, a part of the house was sub-
let, it was sufficiently established to justify the trial court
in finding that appellant remained in the premises, occupy
ing the same, or a part thereof, as the home of herself and
some of the younger children of herself and her husband,
from the beginning of the lease continuously until some time
in the last month of the term, which was the month for
which the recovery was had. No such evasion of the stat-
ute as the refused proposition of law would uphold, should
be tolerated. It would be an encouragement to the fraud
that the statute was enacted to prevent (Sec. 15 of the Hus-
band and Wife Act), and appellant cites no authority in
support of the proposition.

It is further contended that appellant's co-defendant,
Abraham Barnett, was not brought into the case in the
Superior Court either by service of an appeal summons, or
by his entry of appearance, until after the cause was placed
upon the short cause calendar; and was never served with
notice to place the same upon said calendar.

That contention may be briefly disposed of by saying that
the abstract of record which is presumed to present every-
thing that is material to the appellant's case, does not show
that any judgment was ever recovered against Abraham
Barnett before the justice of the peace.

Barnett v. Marks.

The liability of the appellant, under the statute, was several, as well as joint with her husband, and it was not necessary to a recovery against her that there should also be a judgment against him, and if there were no judgment against him before the justice, it was not necessary that he should be a party before the Superior Court.

No error appearing, the judgment is affirmed.