PRESBYTERIAN ST. LUKE'S HOSPITAL, Plaintiff and Counterdefendant-Appellant, *v.* JOSEPH FEIL, Defendant-Appellee.—(MYRTLE FEIL, Defendant and Counterplaintiff-Appellee.)

First District (2nd Division) No. 78-516

Opinion filed August 14, 1979.

French and Rogers, of Chicago (Richard G. French, Timothy G. Keating, and Joseph A. Terc, of counsel), for appellant.

Goldenson, Kiesler, Berman and Brenner, of Chicago (Clinton J. Feil and Robert L. Kiesler, of counsel), for appellees.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

This action commenced with the filing of a complaint by Presbyterian-St. Luke's Hospital (hereinafter "Hospital") for recovery of costs incurred by Joseph and Myrtle Feil, husband and wife, for hospitalization of Myrtle Feil in April of 1974. Joseph Feil was made a defendant upon the asserted application of section 15 of "An Act to revise the law in relation to husband and wife" (Ill. Rev. Stat. 1975, ch. 68, par. 15, now Ill. Rev. Stat. 1977, ch. 40, par. 1015). Both defendants answered the complaint. In addition, Myrtle Feil alone filed a counterclaim sounding in medical negligence against the hospital. This appeal is taken from the order of the circuit court dismissing the Hospital's complaint[1] for noncompliance with a certain discovery order of court. No questions are raised as to the sufficiency of the pleadings.

The issues presented for review are whether: (1) the trial court erred in dismissing the Hospital's complaint and cause of action against both defendants where its alleged noncompliance with discovery rules related only to the defendant who filed the counterclaim; and (2) the trial court abused its discretion in dismissing the Hospital's complaint and cause of

---

[1] The counterclaim was dismissed without prejudice thereafter.

action as a sanction for its alleged failure to comply with discovery rules.

For reasons hereinafter noted, we reverse and remand with directions.

The complaint was filed on September 18, 1975. The answer of both defendants and counterclaim of one were filed on February 17, 1976. Counterdefendant Hospital filed a motion to dismiss the counterclaim on March 17, 1976. On that same date the Hospital also filed a notice to produce certain documents, photographs and other data, certain interrogatories and a notice for the deposition of counterclaimant Myrtle Feil, to be taken the following April 26.

The Hospital's attorneys sent a letter dated May 3, 1976, to defendants' and counterclaimant's attorneys seeking compliance with their requests for discovery and the noticed deposition, in which earlier failures on the part of the latter attorneys to respond to telephone calls requesting said compliance were alleged to have been ignored. Other letters followed, dated September 22, 1976, November 5, 1976, and October 20, 1977, which similarly sought compliance with the Hospital's March 17, 1976, discovery and deposition requests. The first response to those requests came as counterclaimant's answers to interrogatories, which are not date stamped, but which the parties suggest were filed on or about November 1, 1977, some 18 months after the discovery requests were filed.

Meanwhile, on December 28, 1976, on the Hospital's motion, the cause was transferred from the municipal division to the law division, malpractice section, of the circuit court. Trial was set for December 15, 1977. No order is found in the record with respect to when the cause was set for trial; however, the parties suggest its entry before counterclaimant answered the Hospital's interrogatories. On October 28, 1977, about one week after the Hospital's last letter requesting discovery compliance by counterclaimant, the latter herself filed requests for production, interrogatories and notices of depositions of certain persons not identified by name, but rather by position, services rendered at the Hospital, or their pre- or post-occurrence relationship to the accident upon which the alleged negligence was based.

The original counterclaim of February 17, 1976, alleged the negligence on the part of the Hospital to have taken place during April 1974. In her notice to produce interrogatories and notices of depositions of various Hospital personnel filed October 28, 1977, she identified the date of the occurrence as May 30, 1974.

On November 2, 1977, counterclaimant's motion was allowed by the trial court granting her leave to file within 14 days an amended counterclaim and authorizing court issued subpoenas for four named physicians who treated her. The amended counterclaim was filed on the

same date, November 2, which under Supreme Court Rule 182(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 182(b)) would have allowed counter-defendant until November 23, 1977, within which to file its answer or otherwise plead. The amended counterclaim alleged the date of the accident to have been on May 30, 1974.

On November 30, 1977, on motion of defendants and counter-claimant, the trial court ordered that their depositions be taken sufficiently in advance of the trial date, December 15, 1977, to allow them to depose five members of the Hospital staff and the four doctors previously noticed for deposition. The motion filed sought modification of the priority of discovery[2] on the grounds that since the date the cause had been set for trial, Myrtle Feil and Joseph Feil had been repeatedly tendered to the Hospital for depositions, which had been repeatedly continued "for various reasons, presumably in good faith," thereby effectively denying her the right to discovery prior to the trial date.

Depositions of defendants and counterclaimant were taken on December 5, 1977. On December 14, 1977, defendants and counter-claimant moved the court for dismissal of the Hospital's complaint under Supreme Court Rule 219 (Ill. Rev. Stat. 1977, ch. 110A, par. 219), on the grounds that the Hospital had failed to produce its personnel for deposition, or answer interrogatories, or comply with her production request. On December 15, 1977, the Hospital's complaint and cause of action were dismissed "* * * as a sanction for its failure to comply with discovery * * *," and the counterclaim was transferred to another courtroom for prove-up, where it was subsequently dismissed without prejudice on the same day. The Hospital filed answers to counter-claimant's interrogatories on January 9, 1978, together with its motion to vacate. In the motion, the Hospital set forth the history of discovery requests made by each side and suggested that since counterclaimant had not complied with the discovery it had previously initiated until December 5, 1977, the Hospital's period for compliance with counterclaimant's discovery requests did not expire until January 5, 1978, and suggested that since all the delays were occasioned by defendants and counterclaimant, the harsh sanction of dismissal should not have been imposed upon the Hospital, attaching as exhibits the letters requesting counterclaimant's compliance with discovery described earlier in this opinion. On January 9, 1978, the motion to vacate was denied.

■■■ The Hospital's first point is that dismissal of the Hospital's claim against Joseph Feil as a discovery sanction by the trial court was an abuse of discretion since Joseph Feil had never sought discovery from the

---

[2] Sequence of discovery no longer follows the first "noticed or otherwise initiated" rule having been amended effective November 1, 1978. Supreme Court Rule 201(e) (Ill. Ann. Stat., ch. 110A, par. 201(e) (Smith-Hurd 1979).

Hospital and was not a counterclaimant against it. Defendants and counterclaimant contend that because the Hospital failed to raise this point in its motion to vacate, it is a new theory which cannot be considered on appeal, relying on *Benson v. Isaacs* (1961), 22 Ill. 2d 606, 177 N.E.2d 209. We disagree. In *Benson*, the supreme court had before it a new theory of recovery on the merits of the case never considered by the trial judge. Here, the trial court in determining the appropriate sanction to be imposed for failure to comply with discovery had before it all the necessary documents which would have informed it that defendant Joseph Feil was not a party to the original counterclaim and sought no relief in the amended counterclaim, nor any discovery. Dismissal of the Hospital's complaint as to Joseph Feil was therefore without basis. In *Hoover v. University of Chicago Hospitals* (1977), 51 Ill. App. 3d 263, 366 N.E.2d 925, involving a malpractice action, dismissal of certain counts of the complaint for noncompliance with discovery rules was reversed on the ground that only those pleadings which bore a reasonable relationship to the information withheld on discovery may be stricken as a sanction for that failure. Dismissal of the Hospital's complaint as to Joseph Feil, who had himself sought no discovery, is clearly error and must be reversed, and the Hospital's complaint reinstated as to him.

Defendants and counterclaimant maintain that although the complaint filed by the Hospital sought relief from both Joseph and Myrtle Feil based upon section 15 of "An Act to revise the law in relation to husband and wife" (Ill. Rev. Stat. 1975, ch. 68, par. 15), because the Hospital services were rendered to Myrtle Feil, the action against Joseph Feil, her husband, is purely derivative and since the complaint was properly dismissed as to Myrtle Feil, the Hospital may not maintain an action against her husband. No authority is cited in support of this proposition; the statute on its face is to the contrary, permitting suit to be filed against husband or wife "jointly or separately." This language was early construed in *Barnett v. Marks* (1897), 71 Ill. App. 673, as imposing joint and several liability, the court there holding in a suit against the wife for rental of a house leased by the husband (71 Ill. App. 673, 675):

> "The liability of the appellant, under the statute, was several, as well as joint with her husband, and it was not necessary to a recovery against her that there should also be a judgment against him, and if there were no judgment against him before the justice, it was not necessary that he should be a party before the Superior Court."

The action against Joseph Feil, not being dependent upon Myrtle Feil's presence in the lawsuit for the Hospital services, could not have been dismissed even had the dismissal of the Hospital's complaint against Myrtle Feil been an appropriate sanction under the circumstances.

The Hospital next argues that the trial court abused its discretion in dismissing the Hospital's complaint for alleged failure to comply with discovery requests by counterclaimant because the facts reveal that any delay which may have been occasioned in preparing the case for trial was attributable to the one year and eight month delay in counterclaimant's having sought discovery at all and in having made no effort to comply with the Hospital's timely request for discovery, despite numerous communications by the Hospital's attorney to the attorneys representing counterclaimant. It argues that in having delayed in seeking her own discovery, and then inundating the Hospital with the quantity of discovery she sought, the trial court should have regarded the procrastination evident in the record as being the fault of counterclaimant, rather than of the Hospital. The Hospital relies upon *In re Estate of Fado* (1976), 43 Ill. App. 3d 759, 357 N.E.2d 195, for the proposition that under Supreme Court Rule 219(c), where a party unreasonably refuses to comply with discovery rules or orders entered upon those rules, the sanction of dismissal "* * * is a drastic punishment and should not be invoked except in those cases where the actions of the party show a deliberate and contumacious disregard of the court's authority" (43 Ill. App. 3d 759, 763). It urges that although the order of dismissal dated December 15, 1977, recites failure to comply with "orders" of the court regarding discovery, only one order had in fact been entered, dated November 30, 1977, which directed that depositions of the defendants and counterclaimant be taken sufficiently in advance of December 15, 1977, to allow defendants and counterclaimant time to depose Hospital witnesses. The Hospital suggests further that *Gillespie v. Norfolk & Western Ry. Co.* (1968), 103 Ill. App. 2d 449, 243 N.E.2d 27, implies that disobedience or continued disobedience to court orders should be a factor to be considered in whether so drastic a sanction as dismissal should be employed and concludes that the record fails to establish on its part any violation of the Supreme Court Rules or disobedience or continued disobedience of a court order.

Counterclaimant argues that the trial court was fully advised in the premises and that the Hospital, without benefit of the record, seeks to reverse the factual determination of the trial court on which the sanction was imposed. She states that the Hospital never sought to modify the order of November 30, 1977, nor seek a continuance of the trial by written motion setting forth reasons why it could not comply with the order but instead ignored the order and now claims a right to 28 days beyond the close of its own discovery. She asserts that Supreme Court Rule 219(c), having granted authority to the trial court in the first instance the responsibility of making such a determination and reasonably exercising its discretion. She concludes that the record before this court does not

support the contention of the Hospital that the trial court abused its discretion in dismissing its claim.

 Dismissal of a complaint as a sanction for noncompliance with orders of the court is proper only where a party has shown a deliberate, contumacious and unwarranted disregard for the court's authority (*Swedien v. Hadley School for the Blind* (1979), 70 Ill. App. 3d 466, 388 N.E.2d 977; *Hansen v. Skul* (1977), 54 Ill. App. 3d 1, 369 N.E.2d 267; *In re Estate of Fado*). Sanctions, when imposed for failure to comply with discovery rules or orders, should be such as to promote the goal of discovery, not to punish the offending party. (*People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 196, 226 N.E.2d 6; *Department of Transportation v. Zabel* (1975), 29 Ill. App. 3d 407, 410, 330 N.E.2d 878.) Dismissal should be employed only as a last resort. (*Schwartz v. Moats* (1971), 3 Ill. App. 3d 596, 599, 277 N.E.2d 529; *Gillespie v. Norfolk & Western Ry. Co.*) In the present case it is clear that dismissal was employed not as a last resort, but as a first sanction, and it was applied for violation of an order which required completion of 11 depositions plus production of documents and filing of answers to interrogatories within 15 calendar days of its entry. Assuming that such an order can be regarded as reasonable, noncompliance with it is as equally traceable to the brief time allowed as it may be to any disregard of the court's authority. We agree with the Hospital's contention that failure of the counterclaimant to earlier seek discovery was as much, if not more, a cause of the absence of trial readiness on the trial date as the Hospital's noncompliance. Dismissal of the Hospital's complaint against counterclaimant was also in error and must be reversed.

For the foregoing reasons, the orders of the trial court denying the motion to vacate and dismissing the Hospital's action against defendant are reversed and the cause is remanded with directions to reinstate the complaint and proceed to trial of the issues on their merits.

Reversed and remanded.

STAMOS, P. J., and PERLIN, J., concur.