PERIMETER EXHIBITS, LTD., Plaintiff, *v.* GLENBARD MOLDED BINDER, INC., Defendant and Third-Party Plaintiff-Appellee (Thomas W. Bruckman, Third-Party Defendant-Appellant; William J. Streff Enterprises, Ltd., Third-Party Defendant).

Second District   No. 83—227

Opinion filed February 22, 1984.—Supplemental opinion filed on denial of rehearing April 11, 1984.

Douglas K. Morrison and Joseph R. Marconi, both of Marconi & Morrison, of Chicago, for appellant.

Arthur G. Jaros, Jr., of Richter & Jaros, of Oak Brook, for appellee.

JUSTICE VAN DEUSEN delivered the opinion of the court:

The third-party defendant Thomas W. Bruckman, a former corporate officer of the third-party plaintiff, Glenbard Molded Binder, Inc., appeals from a trial court order granting a default judgment in favor of the third-party plaintiff against him in the sum of $2,300.

On December 21, 1981, Perimeter Exhibits, Ltd. (Perimeter), filed its complaint against Glenbard Molded Binder, Inc. (GMB), for the balance due and owing on a contract to construct a trade show exhibit booth. On May 17, 1982, GMB filed a third-party complaint against

Thomas W. Bruckman and W. J. Streff Enterprises, Ltd. (Streff Enterprises). As succinctly summarized by Bruckman in a motion for dismissal of the third-party complaint, the third-party complaint alleged that third-party defendant Bruckman breached a duty of loyalty as an employee of GMB in cooperating with Streff Enterprises in appropriating GMB booth space at a trade show for display of a non-GMB product called Multi-File and sought damages for the proportionate value of the GMB booth used to display Multi-File.

Bruckman was served with summons and a copy of the third-party complaint on May 26, 1982. On June 18, 1982, William J. Streff, an attorney and also an officer of Streff Enterprises, filed an appearance on behalf of W. J. Streff Enterprises, Ltd., and Thomas W. Bruckman. On June 26, 1982, both third-party defendants were in default for failure to answer or otherwise plead.

Upon discovering that an appearance had been filed by the third-party defendants, GMB served notice on Bruckman and Streff Enterprises that it would seek an order of default against them on September 8, 1982, for failure to plead. On September 8, 1982, both William J. Streff and Thomas Bruckman appeared in person. The court, under the misapprehension that Bruckman had filed his appearance *pro se,* granted Bruckman's motion for additional time to answer or otherwise plead and ordered Bruckman to answer by September 29, 1982. In the same order the court entered an order of default against Streff Enterprises and took the motion for default against Bruckman under advisement; discovery cut-off was set for December 31, 1982, and trial was set for January 7, 1983.

No answer or other pleading was filed by or on behalf of Bruckman, and on December 29, 1982, GMB filed another motion for an order of default against Bruckman and a motion to prove up damages and for the entry of a money judgment against both third-party defendants. On the same date attorneys Marconi and Morrison moved for leave to enter their appearance on behalf of Bruckman and to grant Bruckman leave to answer or otherwise plead to the third-party complaint. In an order entered that day, the trial court denied GMB's motion for an order of default against Bruckman but awarded GMB $300 attorney fees as a sanction for Bruckman's failure to plead; granted Marconi and Morrison leave to file their appearance on behalf of Bruckman; gave Bruckman one day in which to file his responsive pleading; and extended the discovery cut-off until January 5. Also, on December 29 the judge orally advised that the case would be tried on January 7, 1983, and admonished attorney Morrison to make his client available for a deposition prior to the new discovery cut-off date.

On December 30, 1982, Bruckman filed a motion to dismiss pursuant to section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619(a)(3)) alleging a prior pending action between the same parties for the same cause, and he filed his answer and affirmative defenses. His motion and one of the affirmative defenses referred to cases Nos. 81 CH 8410, 81 CH 8411 and 81 CH 8346, all pending in the circuit court of Cook County.

On December 30, 1982, GMB's counsel mailed a notice of deposition to Bruckman's attorney for January 4, 1983, following the failure of Bruckman's counsel to return GMB's attorney's call the prior afternoon to arrange such deposition on January 3, 4 or 5. On January 3, Bruckman's attorney called GMB's attorney and advised him that Bruckman would not appear for the deposition and was told that such failure would be unacceptable. On January 5, 1983, GMB filed a motion for sanctions alleging, *inter alia,* Bruckman's failure to appear for the January 4 deposition because he had left town on business January 3 and requesting that Bruckman be debarred from maintaining any defense to the complaints on file and be barred from filing any further pleading other than those allowed by the December 29 order. GMB also filed a motion to strike Bruckman's affirmative defenses.

On January 5 Bruckman filed a motion to sever the third-party complaint from the main action and to continue the third-party action, a motion for leave to file a counterclaim and to name three additional defendants, and a motion to quash the notice for the January 4 deposition claiming that GMB sent notice of the deposition before his attorney was able to contact Bruckman, as the attorneys had agreed by phone, to arrange for a convenient date.

On January 7, the date set for trial, the judge denied Bruckman's section 2—619 motion, reviewed the procedural history of the case and granted GMB's motion for sanctions for Bruckman's wilful refusal to submit to a deposition. The court therefore struck Bruckman's answer and affirmative defenses and found Bruckman to be in default, and the third-party complaint was taken as confessed against him. After reviewing the affidavits submitted for the prove-up of damages, the court entered judgment in favor of Perimeter and against GMB on the original complaint and also entered judgment in GMB's favor on the third-party complaint for $2,300. The court refused to rule on any of the other pending motions Bruckman had filed including his section 2—615 motion to dismiss (Ill. Rev. Stat. 1981, ch. 110, par. 2—615) filed that day.

On February 4, Bruckman filed a motion to vacate and a motion for change of venue for purposes of hearing the motion to vacate, alleging

the trial judge to be prejudiced against him and his attorneys. On March 14, 1983, Bruckman's motions to vacate and for a change of venue were denied. On the same day, Bruckman filed his notice of appeal of the January 7, 1983, order and the denial of his post-trial motion.

Bruckman first maintains on appeal that the trial court erred in denying his section 2—619(a)(3) motion (Ill. Rev. Stat. 1981, ch. 110, par. 2—619(a)(3)) in that the third-party complaint was preceded by a pending action for the same cause. In his motion, he referred specifically to case No. 81 CH 8411 filed in Cook County over seven months prior to the third-party complaint. In that case, GMB requested declaratory and injunctive relief alleging, *inter alia,* Bruckman's unauthorized appropriation of a portion of GMB's trade show booth for the display of Streff Enterprises' products, in which GMB had no interest. In the third-party complaint, GMB seeks damages from Bruckman and Streff Enterprises for a proportionate value of the GMB booth used to display those Streff Enterprises products. Therefore, it is Bruckman's position that the cause is the same and the third-party complaint should have been dismissed.

In denying Bruckman's motion, the court noted the different relief sought in the two actions, and it found that the issues and parties were different and that its findings in the third-party complaint would not be *res judicata* in the Cook County lawsuit.

■ Bruckman correctly cites *Catalano v. Aetna Casualty & Surety Co.* (1982), 105 Ill. App. 3d 195, for the proposition that a disparity in the legal theory, issues, burden of proof or relief sought in the two actions will not bar section 2—619(a)(3) relief where the two actions arise out of the same transaction or occurrence and there is a substantial similarity of issues between them. As GMB concedes, both the instant case and the Cook County case require the resolution of the factual question of whether Bruckman obligated and had authority to obligate GMB for the trade show space devoted to Streff Enterprises' items. Though the trial court used the term "res judicata," it is more probably true that a fact finding on this question in one cause would have collateral estoppel effect in the other. Merely because there were other additional issues and questions in the Cook County case does not destroy the substantial similarity of this issue between the two cases. (See *Tambone v. Simpson* (1980), 91 Ill. App. 3d 865, 868.) Likewise, the fact that this case called upon the court to determine the reasonable value of Perimeter's work does not negate such similarity and is related instead to a difference in the type of relief sought in the two actions. Therefore, it appears that Bruckman's motion did not fail to

meet the "same cause" requirement.

In a somewhat related vein, Bruckman states in his reply brief that under GMB's theory a third-party complaint could never be subject to dismissal because the cause will not be the same due to allegations raised in the original complaint and because the parties will never be the same due to the presence of the original plaintiff. As discussed above, the presence of such additional allegations is not necessarily fatal to a 2—619(a)(3) motion; however, failure to meet the "same parties" requirement would be. GMB correctly observes that Perimeter is a party in this action but is not a party to the Cook County action. GMB would reject Bruckman's attempt to treat the third-party complaint as separate from the main action and, in support, notes that section 2—406(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—406(b)) speaks of bringing in a third party to "the action," thereby establishing that there is only one action.

■ However, section 2—406(b) goes on to state that "[s]ubsequent pleadings shall be filed as in the case of a complaint and with like designation and effect." (Ill. Rev. Stat. 1981, ch. 110, par. 2—406(b).) Further, as Bruckman points out, a third-party complaint may be subject to a motion to dismiss for failure to state a cause of action (Ill. Rev. Stat. 1981, ch. 110, par. 2—615) without affecting the original action (*Mohrdieck v. Village of Morton Grove* (1981), 94 Ill. App. 3d 1021), and it may be severed for trial from the original complaint at the court's discretion (Ill. Rev. Stat. 1981, ch. 110, par. 2—614(b)). Therefore, it appears that a third-party complaint can be considered as a separate complaint for purposes of a section 2—619 motion to dismiss. The presence of Perimeter as a party in the original suit is not fatal to the "same party" requirement of section 2—619, particularly since Perimeter's rights and claims are not at issue in the Cook County action.

■ However, even if the "same party" and "same cause" requirements are met, the granting of Bruckman's 2—619 motion does not necessarily follow. Our supreme court has recently said that the purpose of the section, successor to section 48 of the Civil Practice Act, "is to avoid duplicative litigation [citations], and the trial court's analysis should be geared toward effectuating that purpose. Notwithstanding this policy, however, we do not believe that the legislature intended that the filing of a section 48(1)(c) motion should result in automatic dismissal or that two separate actions concerning the same subject matter could never proceed simultaneously. The more reasonable construction is that the circuit court possesses some degree of discretion in ruling upon the motion." *A. E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 252-53.

The purposes of section 2—406(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—406(b)), allowing for the bringing of third-party complaints, are to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him, and a judgment in his favor against the third-party defendant. (*Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 229; Ill. Ann. Stat., ch. 110, par. 2—406, Historical and Practice Notes, at 415 (Smith-Hurd 1983).) GMB claims that Bruckman's motion sought to put it at risk in the very way that this section was designed to prevent.

First, GMB argues that inconsistent results adverse to it could ensue if relief is granted by two different courts on the same issue. Specifically, it fears that the trial court here might find the total amount claimed by Perimeter to be reasonable and award judgment against GMB based on that amount while the Cook County circuit court might later find it unreasonable and not award a full proportionate share against Bruckman. Second, it fears that the time difference between the two judgments would force GMB to immediately pay Perimeter here and wait to obtain redress from Bruckman in the Cook County action.

This argument is persuasive. If the third-party complaint were dismissed here, GMB would have to amend its Cook County complaint to seek money damages, and the question of the reasonableness of Perimeter's charges would be an issue in fixing damages. Because the parties would be different in the two suits, collateral estoppel would not apply to the factual determination of the reasonableness of Perimeter's charges (see *Skolnik v. Petella* (1941), 376 Ill. 500, 503-04), and the second court could therefore make a fact finding inconsistent with that of the first court. Further, the Cook County case is not close to trial, and GMB would have to wait a considerable time to recover, if at all, the proportionate share of Perimeter's claim that GMB alleges to be due from Bruckman.

■ In seeking to effectuate the purposes of the statute, the trial court appropriately exercised its discretion to deny the motion even though the "same party" and "same cause" requirements were met. While the trial court denied the motion on other bases, it appears that the denial was proper. This court may affirm the trial court order if it is correct even though such affirmance is not based on the trial court's stated rationale. *Hintz v. Lazarus* (1978), 58 Ill. App. 3d 64, 67.

Bruckman next maintains that the third-party complaint failed to

state a cause of action against him because (1) no personal gain to Bruckman was alleged, (2) the third-party complaint is unrelated to the main claim, and (3) no duty of indemnification by Bruckman to GMB was alleged. A third-party complaint, as any other complaint, must state a cause of action as well as disclose some relationship upon which a duty to indemnify may be predicated. *Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 230-32.

In support of his first point, Bruckman cites *Graham v. Mimms* (1982), 111 Ill. App. 3d 751. That case concerned two consolidated appeals. In the first, Mimms appealed an adverse judgment for breach of fiduciary duties to the corporation and its minority shareholders by misappropriating corporate assets and opportunities. In the second, the dispositive issue was whether the Fullers, installed as officers and directors of the corporation by Mimms as controlling shareholder, obtained any property or benefits from the alleged wrongdoing upon which a constructive trust could be fastened. (111 Ill. App. 3d 751, 755.) Finding none, the court reversed the trial court judgment imposing a constructive trust. A constructive trust does not arise unless the alleged constructive trustee holds property upon which the trust can be fastened. (111 Ill. App. 3d 751, 770.) *Graham* is, as GMB insists, therefore inapposite to a case where, as here, GMB sought damages for Bruckman's breach of fiduciary duties as an employee and the loss thereby caused to his employer (56 C.J.S. *Master & Servant* sec. 79 (1948); see also *Stawasz v. Aetna Insurance Co.* (1968), 99 Ill. App. 2d 131, 134).

In his second point, Bruckman maintains that the breach of employment contract alleged in the third-party complaint is unrelated to the main action by Perimeter. However, a review of the two complaints reveals that Perimeter sought payment for construction of the exhibit booth of which, GMB asserts in its third-party complaint against Bruckman and Streff Enterprises, a substantial portion was devoted to the latter's products by the unauthorized actions of Bruckman that constituted a breach of his employment contract. Bruckman's actions allegedly obligated GMB to Perimeter for the full amount and GMB sought the *pro rata* portion from Bruckman and Streff Enterprises. There is an obvious relationship between the main action and the third-party claim.

■ In his third and final point, Bruckman insists that the complaint failed to allege a duty on his part to indemnify the claim made by Perimeter against GMB. Though there is language in *Illinois Bell Telephone Co. v. Dynaweld, Inc.* (1979), 70 Ill. App. 3d 387, 394, that the plaintiff must allege and prove the existence of this duty, the conten-

tion in that case was that the third-party complaint failed to allege facts sufficient to disclose a duty to indemnify. The general rule is that facts, not legal conclusions, must be alleged. A third-party complaint must disclose facts, and not conclusions, upon the basis of which a possibility of indemnification is shown. (*Gillette v. Todd* (1969), 106 Ill. App. 2d 287, 294.) In this case, GMB's third-party complaint did allege an employment relationship and concomitant duty of loyalty and breach of said duty of loyalty by causing a portion of the GMB exhibit being constructed by Perimeter to be devoted to Streff Enterprises products instead of being exclusively devoted to the business of GMB. The facts giving rise to the existence of a duty to indemnify are adequately alleged. The third-party complaint, while inartfully stated, was sufficient to withstand a motion to dismiss for failure to state a cause of action. See *In re Estate of Lipchik* (1975), 27 Ill. App. 3d 331, 334.

As the third issue on appeal, Bruckman maintains that the trial court erred in dismissing his answer and affirmative defenses as sanctions. On January 7, 1983, the date set for trial at the September 8 hearing, the judge ascertained that Pertimeter and Bruckman were ready for trial but that GMB was not because it had been unable to take Bruckman's deposition before trial. The court then recited the procedural history of the case and granted GMB's motion for sanctions because of Bruckman's wilful refusal to submit to a deposition and struck his answer and affirmative defenses. Bruckman insists that the trial court erred both in imposing sanctions at all and in imposing the most extreme sanction available.

First, he asserts that his failure to comply with discovery by not appearing for the January 4 deposition was reasonable so that sanctions were not appropriate. Sanctions under Rule 219(c) (87 Ill. 2d R. 219(c)) are to be imposed only when the noncompliance is unreasonable and the order entered is just. In determining whether the noncompliance is unreasonable, the standard is whether the offending party's conduct is characterized by a deliberate and pronounced disregard for the rules and the court. *Sanchez v. Phillips* (1977), 46 Ill. App. 3d 430, 434.

Here, it is clear that Bruckman failed to answer within the initial period after service. On September 8, 1982, the court defaulted the third-party codefendant but gave Bruckman additional time to answer. The September 8 order also states that he was to answer by September 29. In his affidavit filed with the motion to vacate the January 7, 1983, order, he states that he appeared in court on September 29 and Judge Cox then gave him additional time to retain counsel and file responses, but there is no verification of such appearance in the record.

Bruckman did not retain his present counsel in this matter until some time in mid-December even though he knew it was set for trial on January 7. In his affidavit, he claims that financial setbacks due to his wrongful termination by GMB delayed his retention of counsel. His counsel, who had actually been active in the Cook County case for a considerable time, entered their appearance in this case on December 28, 1982, and filed his answer on December 30. It should also be noted that Bruckman's initial appearance in June 1982 was filed by Attorney William J. Streff, who still appears of record as Bruckman's attorney.

At the December 29 hearing, Bruckman's counsel was advised by the court to make the client available for deposition prior to the January 5 discovery cut-off date. In an uncontroverted affidavit, GMB's attorney stated that he spoke to Bruckman's attorney on December 29 who said that he had already spoken to his client and he would get back to him with the best date for the deposition. Nevertheless, according to Bruckman's affidavit, he left town on December 30 and did not return until two days after the date set for trial. He claimed in this affidavit that his trips were longstanding and could not be cancelled, though he did not say why.

As Bruckman observes in his brief, once a court finds that there has been a refusal to comply with the discovery rules, the burden is on the noncomplying party to show that the refusal was reasonable. (*Campen v. Executive House Hotel, Inc.* (1982), 105 Ill. App. 3d 576, 587.) It appears that he failed to meet this burden. The imposition of sanctions was therefore proper.

Bruckman goes on to argue that even assuming *arguendo* that the imposition of sanctions was proper, the trial court abused its discretion by imposing the most severe sanction available. In his reply brief, he characterized this as a case where there was "a single failure of a party to appear for a deposition" and "nothing more" and compares this case with *Gallo v. Henke* (1982), 107 Ill. App. 3d 21. In that case, the court found that the record failed to disclose a wilful or contumacious refusal to comply with discovery where it appeared that no attempt had been made to contact the out-of-State plaintiff to advise her of the deposition. Here, in contrast, there was considerable evidence that Bruckman wilfully absented himself from the State for the time that he knew his deposition would be required. Moreover, as the court observed, Bruckman and his attorneys had consistently delayed and thwarted the processes of the court so that Bruckman's failure to appear for his deposition appears to have been the culmination of obstructionary conduct rather than an isolated event.

■ As Bruckman states in his brief, striking an answer and

thereby causing a default is the most severe sanction a court can impose on a recalcitrant defendant, and such sanction is only proper in those cases where the actions of a party show deliberate, contumacious, or unwarranted disregard of a court's authority. (*Jones v. Healy* (1981), 97 Ill. App. 3d 255.) The particular sanction imposed in a case rests largely within the broad discretion of the court, and the exercise of such discretion will not be disturbed unless an abuse is apparent. (*Sanchez v. Phillips* (1977), 46 Ill. App. 3d 430, 434-35.) While it is true that the trial court is to seek a means to have discovery accomplished rather than merely to inflict punishment (*Gallo v. Henke* (1982), 107 Ill. App. 3d 21, 27; *Presbyterian St. Luke's Hospital v. Feil* (1979), 75 Ill. App. 3d 438, 444), it is also appropriate to consider the need for using discovery sanctions as a general deterrent which will provide a strong incentive for *all* litigants to fully and accurately comply with discovery rules (*Campen v. Executive House Hotel, Inc.* (1982), 105 Ill. App. 3d 576, 588). Taking into account the entire procedural history of this case, the trial court did not abuse its discretion in imposing the sanctions ordered, and it was not obligated to choose one of the alternative courses suggested by Bruckman.

As his final issue on appeal, Bruckman contends that the trial court erred in denying his motion for a change of venue. He filed his motion on the same day as his motion to vacate the January 7 order. In it, he alleged that he believed that Judge Cox was prejudiced against him and/or his attorneys, and he supported the motion with affidavits by his own counsel and another attorney, who was unconnected with the cause.

The venue statute (Ill. Rev. Stat. 1981, ch. 110, par. 2—1001) allows such a motion where any party or his attorney fears that he will not receive a fair trial because the judge is prejudiced against him or his attorney. Subsection (c) (Ill. Rev. Stat. 1981, ch. 110, par. 2—1001(c)) requires that the motion be made before the judge has ruled on any substantive issue in the case. (*E.g., Oberman v. Byrne* (1982), 104 Ill. App. 3d 1046.) Here, Judge Cox had already granted GMB's motion to default the codefendant Streff Enterprises, denied two GMB motions to default Bruckman, awarded $300 in attorney fees to GMB for Bruckman's failure to plead, and extended the discovery cut-off date to allow the taking of Bruckman's deposition prior to the date he set for trial. These actions were all prior to January 1983. On January 7, 1983, the judge denied Bruckman's section 2—619 motion, granted GMB's motion for sanctions and awarded money judgments on the main complaint in Perimeter's favor and on the third-party complaint in favor of GMB. Clearly, Bruckman's motion was made subsequent to substantive

rulings made by Judge Cox.

However, he relies on a statutory exception to the general rule which allows a petition for a change of venue presented upon a ground occurring after such substantive rulings (Ill. Rev. Stat. 1981, ch. 110, par. 2—1001(c)). After a substantive ruling, a party seeking such change must demonstrate actual prejudice on the part of the judge. (*In re Custody of Santos* (1981), 97 Ill. App. 3d 629, 630.) Bruckman argues that he made such a showing, since the affidavits of his own counsel and a disinterested witness "clearly demonstrate a prejudiced judge so out of control as to destroy even a semblance of impartiality in the courtroom."

Bruckman's contention is without merit on two bases. First, by affidavit of his own counsel, Judge Cox treated his counsel disrespectfully during hearings on December 29 and January 5, as well as on January 7. Even assuming, as both parties do, that the first substantive rulings were on January 7, the motion should have been brought before the judge ruled at the January 7 hearing because the alleged prejudice was manifest before then. Instead, Bruckman waited until unfavorable rulings were entered on that day and then asserted the court's prejudice as grounds for a change of venue.

■■ But aside from the question of timeliness of the motion, Bruckman failed to demonstrate actual prejudice. The independent witness' affidavit reveals that on January 7 he was present in Judge Cox' courtroom on an unrelated matter; that "Judge Cox displayed visible hostility towards Bruckman's counsel," "yelled at the attorney for no apparent reason," "his hands shook noticeably" while addressing them, he "continually interrupted said attorneys when they attempted to speak," and he threatened to evict one of them from the courtroom; that he addressed the other counsel with temperance and respect; and that his behavior created an appearance of bias and an atmosphere that was not one of fairness and objectivity. However, the affiant was not present during other hearings, nor was he aware of the procedural history of the case, that included two denials of GMB's prior motions for default, Bruckman's failure to file an answer within the extended time allowed by the court and prior warning by the judge that further attempts to delay and obstruct the case would not be tolerated. Also, Bruckman's attorneys did interrupt the judge several times on January 7; attempted to establish that they had knowledge of the case for only two weeks when, in fact, they have been involved in the Cook County cases, which they alleged in their pleadings including the 2—619 motion to be identical to this case, for over a year; and accused counsel for both GMB and Perimeter of "collusion" in trying to "hang Bruckman"

and settle the case without being able to offer any proof of such allegations when requested to do so by the court.

Rather than depicting prejudice and partiality, the record taken as a whole seems to show a trial judge who had attempted to accommodate Bruckman for about four months and who had reached the end of his patience with what he considered to be delay and obstruction by Bruckman and his counsel. The motion for change of venue, therefore, was properly denied.

The judgment of the trial court is affirmed.

Still pending in the trial court are GMB's motion for expenses and fees for untrue allegations made without reasonable cause in Bruckman's motion to vacate and supporting affidavits and the rule to show cause why Bruckman's counsel should not be held in contempt of court for filing a false certificate of service. The cause is remanded to the circuit court for hearing and a determination of the appropriate disposition of these matters. See *Hartman v. Hartman* (1971), 2 Ill. App. 3d 163, 168; *Brooks v. Goins* (1967), 81 Ill. App. 2d 12, 20-22.

Judgment affirmed and cause remanded with directions.

LINDBERG and HOPF, JJ., concur.

### SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

JUSTICE VAN DEUSEN delivered the opinion of the court:

Upon denial of petition for rehearing, we note that in his petition for rehearing, defendant Bruckman contends that this court was incorrect in concluding that William J. Streff was an attorney. Reexamination of the record discloses that an ambiguity does exist in this regard and one cannot say with certainty from the record whether or not Mr. Streff was an attorney. Even if we were to assume *arguendo* that Mr. Streff was not an attorney, such fact is not of sufficient importance to cause us to change or modify our considered opinion in this matter.

Petition for rehearing is denied.

LINDBERG and HOPF, JJ., concur.