*In re* MARRIAGE OF LAWRENCE KUTCHINS, Petitioner-Appellant, and ADELAINE KUTCHINS, Respondent-Appellee.

Second District   No. 83—1036

Opinion filed July 15, 1985.—Rehearing denied October 4, 1985.

Brubaker & Peper, of Wheaton, John C. Tucker, of Jenner & Block, and Wilja Delker Peper, both of Chicago, for appellant.

Allen S. Greene, of Greene, Jones & Brisske, of Wheaton, and James A. Brandvik, of Jacobson, Brandvik & Anderson, of Chicago, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

This appeal presents the question of whether a person who has been found "disabled" and placed under a "guardianship of the estate" under the Probate Act of 1975 (Act) (Ill. Rev. Stat. 1983, ch. 110½, par. 11a—1 *et seq.*) may petition for a dissolution of marriage.

On February 23, 1983, the petitioner, Lawrence Kutchins, was placed under guardianship of the estate by the circuit court of Cook County in accordance with section 11a—3(a)(2) of the Act. The court refused to grant a guardianship of the person, which had also been requested. On June 15, 1983, the petitioner filed for dissolution of marriage in the circuit court of Du Page County. On October 27, 1983, that court dismissed the petition upon motion of the defendant

filed under section 2—619(2) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(2)), which alleged the earlier finding of the circuit court of Cook County that petitioner is a disabled person, and that petitioner did not have legal capacity to sue.

■ The clear majority rule in this country is that a mentally incompetent person cannot sue for dissolution of marriage, either on his own behalf or by a guardian or next friend. (Annot., 6 A.L.R.3d 681 (1966).) The basis for this rule appears to be that the decision to seek a dissolution of marriage is so strictly personal that the marriage should not be dissolved except with the personal consent of the party, which consent cannot be given where the party seeking the dissolution is mentally incompetent. (Annot., 6 A.L.R.3d 681 (1966).) Illinois has long since followed this rule. *Bradford v. Abend* (1878), 89 Ill. 78; *Iago v. Iago* (1897), 168 Ill. 339.

■ No Illinois case that we are aware of, however, has held that the appointment of a guardian of the estate is a sufficient finding of incompetency which would bar the ward from seeking a dissolution of marriage. To the contrary, Illinois law has recognized that:

"There are numerous legal proceedings where insanity or mental incapacity may be shown, and the rule for establishing the degree of insanity must of necessity vary, depending, as it must, upon the object or purpose for which the insanity is to be proved. *** What might be regarded insanity or mental incapacity in the one case would not necessarily be insanity in another. No definite rule can be laid down which will apply to all cases alike." *Snyder v. Snyder* (1892), 142 Ill. 60, 67.

The standard of mental capacity for appointing a guardian of the estate under section 11a—3(a)(2) is the determination that "because of his disability he is unable to manage his estate or financial affairs ***." (Ill. Rev. Stat. 1983, ch. 110½, par. 11a—3(a)(2).) The test of the mental capacity required for filing a petition for dissolution of marriage is whether the petitioner has sufficient mental capacity to understand fully the meaning and effect of the petition and whether the petitioner is able to determine in his own interest that he desires a final separation. (*Steinberg v. Fuher* (1923), 228 Ill. App. 209.) This is, in essence, the same test of mental capacity required for entering into a marriage. See *Larson v. Larson* (1963), 42 Ill. App. 2d 467 (ability to understand nature of the act).

■ The real issue before this court, therefore, is whether the finding that the petitioner was a "disabled person" for the purpose of appointing a guardian of the estate under the Act is sufficient

grounds upon which to hold that the petitioner is mentally incompetent for purposes of petitioning for a dissolution of marriage. We hold that it is not.

In *Flynn v. Troesch* (1940), 373 Ill. 275, our supreme court upheld a marriage which had been contested on the basis that the husband was mentally incompetent on the day of the marriage, stating:

"In *Hagenson v. Hagenson* 258 Ill. 197, we held that the same mental strength necessary to the transaction of business is not necessary to enable the party to contract a marriage, though he must be capable of understanding the nature of the act, and sustained the marriage." 373 Ill. 275, 292-93.

In the present case, the only finding of mental incompetence against the petitioner was that he was "unable to manage his estate or financial affairs." This is a different and more demanding test of mental competency than is applicable in determining whether the petitioner is competent to enter into or dissolve a marriage. Because no court has yet ruled that the petitioner is mentally incompetent for purposes of obtaining a dissolution of marriage, the circuit court erred in dismissing this action.

■ The respondent, however, is not foreclosed on remand from attempting to show that the petitioner is, in fact, mentally incompetent for purposes of suing for a dissolution of marriage. When the mental capacity of a party to a proceeding is made an issue in the proceeding, the court necessarily has the power to determine the facts and decide the issue for purposes of that proceeding. *Cowdery v. Northern Trust Co.* (1944), 321 Ill. App. 243.

Having found that a ward under an estate guardianship is not barred from bringing an action for dissolution of marriage, we must next decide whether such an action may be brought by the ward on his own behalf or must be initiated by the guardian as the representative of the ward.

■ Initially, we note that section 11a—18(c) of the Act states:

"(c) The guardian of the estate of a ward shall appear for and represent the ward in *all* legal proceedings unless another person is appointed for that purpose as guardian or next friend. This does not impair the power of any court to appoint a guardian ad litem or next friend to defend the interests of the ward in that court, or to appoint or allow any person as the next friend of a ward to commence, prosecute or defend any proceeding in his behalf." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 110½, par. 11a—18(c).)

We do not interpret this subsection, however, as requiring that the

guardian must bring the action for dissolution of marriage, because the cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. The legislative intent must be gathered from the entire act rather than from just one clause, sentence or section. As a statute is passed as a whole and not in parts, it should be construed as a whole and not in parts. *Merrill v. Drazek* (1975), 62 Ill. 2d 1; *Illinois Bell Telephone Co. v. Ames* (1936), 364 Ill. 362.

A distinction is drawn throughout the Act between a guardian of the estate and a guardian of the person. While section 11a—18(c), which sets forth the duties of an estate guardian, provides that the guardian shall represent the ward in *all* legal proceedings, we define this language to mean all legal proceedings which are likely to affect his financial affairs or estate.

It must be recognized that for a variety of purposes the court hearing the dissolution petition may properly involve the estate guardian. These might include, *inter alia*, child custody and support, maintenance and issues relating to property and financial affairs.

Our holding here is limited to the single proposition that one who has been adjudged to be a disabled person and for whom an estate guardian has been appointed, has legal capacity to sue for dissolution of marriage.

For the reasons set forth above, we find that the circuit court erred in dismissing this action and, therefore, we remand for further proceedings consistent with this opinion.

Reversed and remanded.

NASH, P.J., and STROUSE, J., concur.