*In re* MARRIAGE OF LAWRENCE KUTCHINS, Petitioner-Appellant, and ADELINE KUTCHINS, Respondent-Appellee.

Second District   No. 2—86—1085

Opinion filed July 13, 1987.—Rehearing denied August 10, 1987.

Wilja Delker, of Wheaton, for appellant.

James A. Brandvik, of Jacobson, Brandvik & Anderson, of Chicago, and Allen S. Greene, of Greene, Jones & Brisske, of Wheaton, for appellee.

JUSTICE NASH delivered the opinion of the court:

Lawrence Kutchins (husband) appeals from an order of the circuit court which granted the motion of Adeline Kutchins (wife) to dismiss his petition for dissolution of marriage pursuant to Supreme Court Rule 219 (103 Ill. 2d R. 219) for failure to comply with the trial court's order requiring him to submit to a mental examination. The husband contends that the trial court erred when it: (1) failed to strike the wife's affirmative defense that the husband is incompetent to sue for dissolution of marriage; (2) ordered the husband to submit to a mental examination pursuant to Supreme Court Rule 215 (87 Ill. 2d R. 215) without factual support that the "condition in controversy" and "good cause" requirements of that rule had been met; (3) failed to fix the scope of the mental examination; and (4) conditioned the husband's right to have an attorney present during a court-ordered mental examination upon the permission of the examining physician. For the reasons set forth below we affirm.

On February 23, 1983, the circuit court of Cook County placed the husband under "guardianship of the estate" in accordance with section 11a—3(a)(2) of the Probate Act of 1975 (Ill. Rev. Stat. 1983, ch. 110½, par. 11a—3(a)(2)). On June 15, 1983, the husband filed a petition for dissolution of marriage which the trial court dismissed pursuant to section 2—619(2) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(2)), based on the earlier finding that the husband is a disabled person and therefore did not have legal capacity to sue. (*In re Marriage of Kutchins* (1985), 136 Ill. App. 3d 45, 47, 482 N.E.2d 1005.) In that case, we determined that one who has been adjudged a disabled person and for whom an estate guardian has been appointed has legal capacity to sue for dissolution of marriage. However, the court did not foreclose the wife, on remand, for attempting to show that the husband is, in fact, mentally incompetent for purposes of suing for dissolution of his marriage. 136 Ill. App. 3d 45, 48-49, 482 N.E.2d 1005.

Following remand, the wife filed a response in which she asserted as an affirmative defense that because of the husband's prior adjudi-

cation as a disabled person, he was mentally incompetent for purposes of suing for dissolution of marriage. In conjunction with the affirmative defense, the wife also filed a petition for a mental examination of the petitioner pursuant to Supreme Court Rule 215. After hearing argument, the court ordered the mental examination to proceed in accordance with the test as set forth in our earlier opinion to determine the husband's competence to bring a dissolution of marriage action. The trial court also ordered the husband to submit to an impartial medical examination and allowed his attorney's request to attend, if permitted by the doctor. The husband, however, failed to appear at either of the scheduled examinations.

On August 29, 1986, the wife filed a motion to dismiss the petition for dissolution of marriage pursuant to Supreme Court Rule 219. On September 17, 1986, the court directed the parties to reschedule both examinations, but again the husband failed to appear. On October 21, 1986, the court heard argument on the wife's motion to dismiss pursuant to Supreme Court Rule 219 for failure of the husband to submit to the court-ordered mental examinations. At the hearing the husband argued that the order requiring him to submit to a mental examination failed to comply with Supreme Court Rule 215 in that it failed to limit the examination as to scope or time. At the conclusion of oral argument the court granted the wife's motion to dismiss the dissolution action, and the husband has appealed.

The essential question we must resolve is whether the trial court erred when it dismissed the husband's petition for dissolution of marriage for failure to comply with Supreme Court Rule 215. He argues that the dismissal was not warranted as the trial court abused its discretion in the first instance when it ordered a mental examination pursuant to Supreme Court Rule 215, as the wife failed to satisfy that rule's "condition in controversy" and "good cause" requirements.

Supreme Court Rule 215(a) provides, in pertinent part, "[i]n any action in which the physical or mental condition of a party or of a person in his custody or legal control is in controversy, the court upon notice and for good cause shown on motion made within a reasonable time before the trial, may order the party to submit to a physical or mental examination by a physician." 87 Ill. 2d R. 215(a).

■ Rule 215 is a rule of discovery, the purpose of which is to permit the discovery of facts which will assist the trier of fact to reach a correct determination of the issues before it. This rule does not permit unlimited and indiscriminate mental and physical examination of persons, but, by its terms, gives a trial court the discretion to order such examinations only when certain requirements are met. The per-

son sought to be examined must be a party (or a person in his custody or legal control). The physical or mental condition of that person must be in controversy, and good cause must be shown for the examination. Then, and only then, is the discovery of that person's physical or mental condition authorized by this rule. *In re Conservatorship of Stevenson* (1970), 44 Ill. 2d 525, 529, 256 N.E.2d 766, *cert. denied* (1970), 400 U.S. 850, 27 L. Ed. 2d 87, 91 S. Ct. 50.

The need for careful application of the "in controversy" and "good cause" limitations of the rule is evident in a case of this type where the person sought to be examined has not raised the issue of his physical or mental condition. (*Schlagenhauf v. Holder* (1964), 379 U.S. 104, 119, 13 L. Ed. 2d 152, 164, 85 S. Ct. 234, 243.) In *Schlagenhauf*, the Supreme Court interpreted its Rule 35, which is substantially identical to our Rule 215, and noted that the "in controversy" and "good cause" requirements of Rule 35 did not mean that the movant must prove his case on the merits in order to meet the requirement of a physical or mental examination.

■ In the present case, the record shows that in October 1983, the court dismissed the husband's petition for dissolution of marriage upon the wife's motion filed under 2—619(2) of the Code of Civil Procedure which alleged an earlier finding that the husband is disabled and, therefore, does not have legal capacity to sue. The issue of a mental examination need not be raised by the party to be examined. (*In re Conservatorship of Stevenson* (1970), 44 Ill. 2d 525, 529, 256 N.E.2d 766, *cert. denied* (1970), 400 U.S. 850, 27 L. Ed. 2d 87, 91 S. Ct. 50.) This court reversed the dismissal order; however, we allowed the wife on remand to attempt to show that the husband is, in fact, mentally incompetent for purposes of suing for a dissolution of marriage. Thus, in the case before us, the record shows that the husband's mental condition was not only in controversy, but also was a central issue in the case.

■ We also consider that the wife's affirmative defense properly raised the issue of the husband's mental condition to sue for a dissolution of marriage. That affirmative defense stated in pertinent part:

"1. That petitioner, Lawrence Kutchins, has been adjudged a disabled person *** after a full trial of the issue of his mental capacity and the testimony of expert psychiatric witnesses.

2. That petitioner, Lawrence Kutchins, is mentally incompetent, is unable to manage his own estate or affairs, and lacks sufficient mental capacity to bring this proceeding, or to fully comprehend its financial impact upon his property and estate.

3. That petitioner, Lawrence Kutchins, is mentally incompe-

tent for purposes of suing for a dissolution of marriage."

Clearly, the affirmative defense alleges the facts as they relate to the husband's adjudication of mental incompetence in the probate court. The wife also alleges that her husband "is mentally incompetent *** and lacks sufficient mental capacity to bring this proceeding, or to fully comprehend its financial impact upon his property and estate." This pleading is verified and alleges sufficient facts to bring the issue of mental competence into the case. An evidentiary hearing may not be necessary when the showing could be made by affidavit or other usual methods short of a hearing. Indeed, in situations such as here where the wife asserts insanity as a defense to a divorce action, pleadings alone are sufficient to meet these requirements. *Schlagenhauf v. Holder* (1964), 379 U.S. 104, 119, 13 L. Ed. 2d 152, 164, 85 S. Ct. 234, 243.

█ We also consider that the trial court properly determined under the circumstances that there was "good cause" for the mental examinations requested. Under Supreme Court Rule 215, the trial court has wide discretion in determining what is "good cause." (*Bean v. Norfolk & Western Ry. Co.* (1980), 84 Ill. App. 3d 395, 401, 405 N.E.2d 418.) The test of the mental capacity required for filing a petition for dissolution of marriage is whether the petitioner has sufficient mental capacity to understand fully the meaning and effect of the petition and whether the petitioner is able to determine in his own interest that he desires a final separation. *In re Marriage of Kutchins* (1985), 136 Ill. App. 3d 45, 47, 482 N.E.2d 1005.

In the prior proceeding we stated that the wife was not foreclosed on remand from attempting to show that the husband was, in fact, incompetent for purposes of suing for dissolution of marriage. (136 Ill. App. 3d 45, 48, 482 N.E.2d 1005.) It is the husband's unsupported position that the wife failed to show good cause since the husband can meet the test by means other than a mental examination, namely, the husband's own testimony. In our view, however, this approach would require unusual expertise in the complicated mental health field on the part of the trial court, and we conclude that the court did not abuse its discretion when it ordered the petitioner to submit to a mental examination.

█ We must next determine whether the court's dismissal of the petition pursuant to Supreme Court Rule 219 was a proper sanction. Sanctions under Rule 219(c) (103 Ill. 2d R. 219(c)) are to be imposed only when the noncompliance is unreasonable and the order entered is just. (*Perimeter Exhibits, Ltd. v. Glenbard Molded Binder, Inc.* (1984), 122 Ill. App. 3d 504, 512, 461 N.E.2d 44.) In determining

whether the noncompliance is unreasonable, the standard is whether the offending party's conduct is characterized by a deliberate and wilful disregard for the court's authority. *Simmons v. Shimek* (1985), 139 Ill. App. 3d 927, 928-29, 488 N.E.2d 283.

In this case, the court set the original examinations of the husband for August 13, 1986, with Dr. Hanni and September 2, 1986, with Dr. Smith, a court-appointed psychiatrist. The husband failed to appear for either examination. The appointments were then rescheduled for September 30, 1986. The husband again failed to appear, and the court dismissed the petition pursuant to Supreme Court Rule 219.

■ Once a court finds that there has been a refusal to comply with the discovery rules, the burden is on the noncomplying party to show that the refusal is reasonable. (*Campen v. Executive House Hotel, Inc.* (1982), 105 Ill. App. 3d 576, 587, 434 N.E.2d 511.) In this regard the husband apparently argues that his failure to attend the examinations was reasonable since the trial court's order failed to limit the scope of the mental examination to the context of the information sought. The August 11, 1986, order demonstrates, however, that the court limited the examination to the husband's competency to bring this action.

■ Finally, although we agree with the husband that the right to the presence of an attorney during the court-ordered mental examination may not be conditioned upon the permission of the examining physician, we conclude that the trial court's order that the psychiatrist have the opportunity to determine if such presence would be harmful to the examination did not result in prejudicial error. Section 2—1003(d) of the Code of Civil Procedure states:

> "Whenever the defendant in any litigation in this State has the right to demand a physical or mental examination of the plaintiff pursuant to statute or Supreme Court Rule, *** in connection with the plaintiff's capacity to exercise any right plaintiff has, or would have but for a finding based upon such examination, the plaintiff has the right to have his or her attorney, or such other person as the plaintiff may wish, present at such physical or mental examination." Ill. Rev. Stat. 1985, ch. 110, par. 2—1003(d).

■ In the present case, whether counsel for the husband would have been denied attendance at the examination, or whether she would have been permitted to tape-record the examination session as she wished to do, was never determined because neither counsel nor the husband appeared for the scheduled examinations. There is no in-

dication in the record that the husband's failure to appear for the examination was in any way related to the trial court's ruling that counsel's presence was subject to the examining doctor's approval. The husband could have determined, with little inconvenience, if his attorney would be allowed to be present by telephoning the doctors involved. To now speculate that the attorney would have been improperly excluded during the examination is not a proper ground for reversal.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

LINDBERG, P.J., and INGLIS, J., concur.