(No. 40229.—

*In re* CONSERVATORSHIP OF THE ESTATE OF ELLEN BORDEN STEVENSON.—(ELLEN W. CARPENTER *et al.*, Appellees, *vs.* ELLEN BORDEN STEVENSON, Appellant.)

*Opinion filed March 24, 1970.*

Schaefer, J., took no part.

Adamowski, Newey & Riley, of Chicago, (Francis X. Riley and Robert E. Adamowski, of counsel,) for appellant.

Epstein, Sachnoff & Schrager, of Chicago, (Lowell E. Sachnoff, Elliot S. Epstein, and Michael A. Lerner, of counsel,) for appellees.

Mr. Chief Justice Underwood delivered the opinion of the court:

Pursuant to a jury verdict in the circuit court of Cook County, the defendant, Ellen Borden Stevenson, was adjudicated an incompetent, and a conservator for her estate was appointed. She appeals directly to this court.

The plaintiffs, who are the three sons and the mother of the defendant, instituted this action by filing a petition alleging that the defendant was incapable of managing her estate because of an imperfection of mentality within the meaning of section 112 of the Probate Act (Ill. Rev. Stat. 1965, ch. 3, par. 112,) and praying for the appointment of

a conservator for her estate. The petition further alleged that defendant suffered from mental and emotional disturbances which caused her to manifest extreme jealousy, suspicion and hostility toward the plaintiffs and others; that as a result of her condition, her estate had diminished by $400,000 over a 14-year period to a point where her assets totaled $100,000, with liabilities in excess of $80,000; that she did not have sufficient funds to pay taxes and other current debts, although plaintiffs had given defendant substantial sums to assist her financially; that she was being harassed by numerous creditors; that she was unable to properly manage her estate; and that due to her condition, her estate was liable to immediate further waste and loss if it remained under her control. In her answer defendant denied substantially all of plaintiffs' material allegations.

Plaintiffs then presented a verified petition for a pretrial mental examination of the defendant pursuant to Illinois Supreme Court Rule 17—1 (now Rule 215, Ill. Rev. Stat. 1969, ch. 110A, par. 215). The petition was supported by an affidavit containing a transcript of a telephone conversation between defendant and one of the plaintiffs. Over the objections of defendant, an order was entered directing defendant to submit to a mental examination. She refused to submit to the examination and also failed to comply with the court's order directing her to submit to a discovery deposition relative to her financial affairs. As a consequence of her failure to comply with these orders, an order was entered pursuant to Supreme Court Rule 19—1 (now Rule 219; Ill. Rev. Stat. 1969, ch. 110A, par. 219) debarring defendant from maintaining any defense at the trial relative to her mental condition and ability to manage her financial affairs.

At the trial, testimony was introduced by plaintiffs concerning defendant's financial difficulties over a period of years. There was evidence that the defendant was heavily in debt and had insufficient income to meet her current ex-

penses; that an art center operated by her had closed; that her investments in securities with borrowed money had resulted in forced liquidation of the securities; that mechanic's liens and Federal tax liens of substantial amounts had been filed against her and were being foreclosed; that a mortgage on her home had been foreclosed; and that for a period of time plaintiffs had themselves contributed substantial sums toward the payment of defendant's bills, but that defendant had refused further attempts by plaintiffs to assist her.

There was testimony concerning defendant's conversations with her children and grandchildren and evidence of various personal incidents involving defendant and the plaintiffs. One of the plaintiffs testified that he received numerous telephone calls from defendant at various times of the day and night, some of which he recorded in his home with dictating equipment on the advice of counsel. Over defendant's objections, recordings of a portion of some of these conversations were put in evidence and played for the jury. Other witnesses testified that these conversations were similar to ones they had with defendant as a result of calls from her. Certain letters written by defendant were also put in evidence.

Dr. William Offenkrantz, a psychiatrist, testified for the plaintiffs as an expert witness. In response to a hypothetical question based on the evidence, he testified to the effect that defendant suffered from an imperfection and deterioration of mentality.

Defendant first argues that the trial court improperly ordered her to submit to a pretrial mental examination pursuant to Supreme Court Rule 17—1 (now Rule 215) since her mental condition was not "in controversy" within the meaning of that rule, and furthermore, that the requisite "good cause" for the examination had not been shown. She further argues that she has done nothing in this case to affirmatively put her mental condition in issue, and relying on *Schlagenhauf* v. *Holder*, 379 U.S. 104, 13 L. Ed. 2d 152,

85 S. Ct. 234, she urges that Rule 215 should not permit discovery in a case of this type, but should be limited to those cases where the party whose examination is sought has in some manner affirmatively raised the question of his physical and mental condition. We do not concur with defendant's suggestion that Rule 215 should be so limited in scope nor do we think that the *Schlagenhauf* case suggests such a limitation.

Our Rule 215 provides in pertinent part that "In any action in which the physical or mental condition of a party or of a person in his custody or legal control is in controversy, the court upon notice and for good cause shown on motion made within a reasonable time before the trial, may order the party to submit to a physical or mental examination by a physician  *  *  *."

Rule 215 is a rule of discovery, the purpose of which is to permit the discovery of facts which will assist the trier of fact to reach a correct determination of the issues before it. This rule does not permit unlimited and indiscriminate mental and physical examinations of persons but by its terms gives a trial court discretion to order such examinations only when certain requirements are met. The person sought to be examined must be a party (or a person in his custody or legal control), the physical or mental condition of that person must be in controversy, and good cause must be shown for the examination. Then, and only then, is discovery of that person's physical or mental condition authorized by this rule.

The need for careful application of the "in controversy" and "good cause" limitations of the rule is particularly evident in a case of this type where the person sought to be examined has not raised the issue of his physical or mental condition (*Schlagenhauf* v. *Holder*, 379 U.S. 104, 13 L. Ed. 2d 152, 85 S. Ct. 234.) But to limit the scope of Rule 215 as defendant suggests would not be consistent with either the letter or intent of the rule. Discovery of a person's

mental or physical condition may be just as appropriate in a case where the party sought to be examined has done nothing to put his condition in issue as in a case where the party sought to be examined has affirmatively raised his condition either in support of or in defense of a claim. Rule 215 contemplates that the trial court in its discretion may order the physical or mental examination under appropriate conditions when all requirements of the rule have been met, irrespective of who has raised the issue of the person's physical or mental condition.

In the *Schlagenhauf* case, the United States Supreme Court construed its Rule 35 which is substantially identical to our Rule 215. In that case the court held that the physical and mental examinations which were there sought were improperly ordered by the trial court since the pleadings and motion for examination did not show that the mental condition of Schlagenhauf was truly "in controversy" or that "good cause" had been shown for the very broad physical examination which was sought. Nevertheless, we think the opinion clearly indicates that if these two requirements had been met, the examinations would have been properly ordered, albeit that Schlagenhauf himself had not raised the issue of his physical or mental condition.

In the case before us, the pleadings show without question that the mental condition of the defendant is "in controversy" insofar as it affected her ability to manage her estate. Also, we think that plaintiffs' motion for mental examination of the defendant, when considered with the supporting affidavits, furnishes showing of "good cause" for such examination. In our opinion, the trial court did not abuse its discretion in ordering the mental examination of defendant and in imposing the sanctions it did upon her refusal to comply with its order.

Defendant next challenges the constitutionality of section 112 of the Probate Act which provides the definition of an "incompetent" for purposes of that Act. Section 112,

insofar as it is here pertinent, states that "An 'incompetent' under this Act includes any person who because of insanity, mental illness, mental retardation, old age, physical incapacity, or imperfection or deterioration of mentality, is incapable of managing his person or estate  *  *  *." (Ill. Rev. Stat. 1965, ch. 3, par. 112.) Defendant urges that the statute is vague, indefinite and uncertain; that the words "imperfection of mentality" have no ascertainable meaning; and that to appoint a conservator for a person who is found to be suffering from an "imperfection of mentality" deprives that person of the constitutional guarantees of due process of law under the State and Federal constitutions.

We do not concur with defendant's construction of the statute. This provision of the Probate Act is concerned with the appointment of a conservator for a person who for any of the reasons enumerated in the statute is incapable of managing his person or estate. The justification for the appointment of a conservator is founded primarily on the incapability of managing one's person or estate and not on the cause of that incapability. (*Loss* v. *Loss,* 25 Ill.2d 515; *MacDonald* v. *La Salle National Bank,* 11 Ill.2d 122.) Thus, in the case before us, it is not the imperfection of mentality *per se* which would justify the appointment of a conservator, but rather the inability to manage one's estate due to such imperfection of mentality. When read in the context of the statute, the phrase "imperfection of mentality" is not vague, indefinite or uncertain. We are of the opinion that section 112 provides sufficiently definite and clear standards for men of ordinary intelligence to determine the competency of a person under the provisions of the Probate Act. The statute does not possess the constitutional infirmities which defendant suggests.

Defendant next urges that prejudicial error resulted from the introduction in evidence of the recordings of telephone conversations between one plaintiff and the defendant. She contends that the recordings were made without her

consent and that under this court's decision in *People* v. *Kurth,* 34 Ill.2d 387, the recordings were therefore obtained in violation of the eavesdropping statute (Ill. Rev. Stat. 1965, ch. 38, par. 14—1 *et seq.*) and pursuant to that statute were inadmissible in evidence.

The eavesdropping statute in effect at the time the telephone recordings were made in this case provided in pertinent part that "A person commits eavesdropping when he: (a) Uses an eavesdropping device to hear or record all or any part of any oral conversation without the consent of any party thereto; * * *." (Ill. Rev. Stat. 1965, ch. 38, par. 14—2(a).) It is absolutely clear that this statute does not prohibit the recording of a telephone conversation between two parties where both parties have consented to such recording. There was testimony in this case that the defendant was informed that her telephone conversations were being recorded, and defendant herself indicated in the conversations that she too was recording the conversations. We think that the record supports the conclusion that defendant acquiesced in the recording of the telephone conversations in question, and in our opinion, such acquiescence constitutes consent for purposes of the eavesdropping statute. We find no error in the admission of the recordings in evidence.

We do not agree with defendant's final contention that there was no evidence to justify the jury's findings of incompetency. Our examination of the record leads us to the conclusion that there was sufficient evidence to support the jury's verdict and to justify the appointment of a conservator for defendant's estate.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCHAEFER took no part in the consideration or decision of this case.