*In re* MARRIAGE OF PAMELA COHEN, n/k/a Sorah Marcu, Petitioner-Appellee, and JOSEPH COHEN, Respondent-Appellant.

First District (3rd Division)   No. 1—87—2332

Opinion filed September 27, 1989.—Rehearing denied October 30, 1989.

Kalcheim, Schatz & Berger, of Chicago (Andrew D. Eichner, of counsel), for appellant.

Rinella & Rinella, Ltd., of Chicago (David A. Novoselski, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court:

In January 1980, a judgment of dissolution was entered ending the marriage of Joseph Cohen, respondent, and Pamela Cohen, petitioner. Pursuant to this judgment, petitioner was given custody of the parties' two minor children, Samuel, born 1977, and Anne, born 1979, and respondent was granted reasonable rights of visitation.

In May 1981, an agreed order was entered granting the parties joint custody of the children. Under this order, the children were to reside with respondent from May through October and with peti-

tioner from November through April of each year. Both parties were granted weekly visitation while the children resided with the other, and respondent was granted visitation on Jewish holidays, while petitioner was granted visitation on secular holidays.

In December 1985, respondent filed an emergency petition for change of custody and injunctive relief, alleging that petitioner had remarried and planned to remove the children from the State. A temporary restraining order was entered granting respondent physical possession of the children and setting the matter for hearing on December 27, 1985. Petitioner failed to turn over the children to respondent, and on December 24, respondent filed a petition seeking to have petitioner held in contempt for her failure to comply with the court's order.

On December 27, petitioner filed a petition seeking a change of custody and requesting permission to remove the children from the State. The court continued the hearing on petitioner's and respondent's petitions and extended the order preventing removal of the children.

Subsequently, petitioner filed an emergency petition to modify the terms of visitation and change custody of the children. For unknown reasons, respondent has not included this petition in the record on appeal, nor has he included a second pleading apparently filed during this period by petitioner.[1] However, it appears that both pleadings contained allegations that the respondent sexually abused his daughter, Anne. In response to these pleadings, respondent filed a motion for an examination of petitioner, her husband, and Anne, pursuant to Supreme Court Rule 215(a) (107 Ill. 2d R. 215(a)).

A hearing was held before Judge Richard Jorzak on January 10, 1985, on the allegations in the petitioner's emergency petition. After interviewing the children and hearing the testimony of petitioner and Randee Wolinsky, an investigator from the Department of Children and Family Services (DCFS), the court found that the allegations of sexual abuse had not been proven. Petitioner was instructed to allow

---

[1]This court feels compelled to comment on the state of the record and briefs on appeal. The record consists of seven volumes which have not been paginated; basic materials, such as petitioner's emergency petition, have been omitted; and we are unable to discern any logical pattern in the manner in which the transcripts of proceedings have been bound. Further, respondent's brief on appeal makes repeated references to matters that have not been included in the record and a number of respondent's citations to the record are incorrect. Despite these violations of the supreme court rules (107 Ill. 2d R. 321 *et seq.*), we will accept the record and briefs as presented in order to expedite a resolution to this already lengthy dispute.

respondent to exercise the scheduled visitation, the parties were ordered to submit to mediation, and all other pending petitions were continued.

A mediation schedule was agreed to on January 13, 1986, under which the parties were to be evaluated by a court-appointed expert and, on January 17, an agreed order was entered enjoining the parties from obtaining independent psychiatric evaluations of themselves or the minor children. On February 25, pursuant to the January 13 order, Dr. Bennett Leventhal was appointed to conduct psychiatric examinations of the parties and the children.

On April 24, 1985, a hearing was held before Judge Barbara Disko on an emergency petition filed by respondent alleging that petitioner had refused to turn the children over to him for visitation during Passover and seeking to have petitioner held in contempt of court. At the hearing, Shirley Robinson, director of the Child Sexual Abuse Treatment and Training Center of Illinois, testified that she interviewed Anne on April 21 and that Anne told her that she had been sexually abused by respondent. Robinson also testified that the abuse had taken place before January 1985, and that petitioner brought Anne to her after being referred by the DCFS. The court ordered that the children be turned over to respondent and reserved ruling on the contempt charge.

The following day, respondent appeared before Judge Disko and presented another emergency petition, alleging that the court's April 24 order had not been complied with. Respondent testified that after petitioner delivered the children to his house, a police officer and Frank Pontillo, a DCFS investigator, took the children into protective custody. The court issued a rule to show cause against petitioner, ordered her to turn over the children to respondent, and continued the matter to April 29.

On April 28, 1986, the parties went before Judge Charles Porcellino on petitioner's emergency petition to abate respondent's visitation. (This petition also has been omitted from the record and we have no way of determining its contents.) Judge Porcellino ordered the depositions of Pontillo, Robinson, and Dr. Allen Ravitz, who apparently was acting on behalf of Dr. Leventhal, the court-appointed psychiatrist. The court also ruled that custody of the children, which was supposed to be turned over to respondent on May 1, would not be transferred until the hearing on petitioner's emergency petition was concluded.

The following day, April 29, a hearing on respondent's emergency petition and rule to show cause was held before Judge Disko. At the

hearing it was revealed that the DCFS had returned the children to petitioner the evening of April 24, after removing them from respondent's home. It was also revealed that petitioner had placed the children in Mount Sinai Hospital, for evaluation at the hospital's sexual abuse clinic. The matter was continued, and on April 30, respondent filed another petition for a rule to show cause, seeking to have petitioner held in contempt of court for violating the court's order of January 17 enjoining the parties from obtaining independent psychiatric examinations of the children.

On May 2, 1986, Judge Disko found petitioner in contempt of court for violating the April 24 order requiring her to turn over the children to respondent and sentenced her to seven days in the House of Corrections. On that same day, Judge Porcellino ordered that the children should remain in Mt. Sinai Hospital for evaluation.

In the period before trial commenced before Judge Porcellino on the parties' petitions to change custody, petitioner was found in indirect contempt of court for her violation of the January 17 order, fined $500, and sentenced to two years' supervision. In addition, the court denied respondent's motion for a Rule 215(a) examination of the parties and a motion *in limine* filed by respondent in an effort to bar admission of evidence and testimony from Mt. Sinai personnel.

Trial began December 1, 1986, and continued through March 1987. On June 27, 1987, the trial court entered a finding that respondent had sexually abused Anne and that both children had suffered "psychological trauma related to their father." The court awarded permanent custody of the children to petitioner, allowing her to remove them to Indiana. The court terminated respondent's visitation except for supervised visits once a month, for five to eight hours. In addition, respondent was ordered to undergo psychotherapy and petitioner and the children were ordered to undergo family counselling.

In his appeal from the trial court's order, respondent argues that: (1) the court's findings were against the manifest weight of the evidence; (2) the court abused its discretion in denying his Rule 215(a) request for physical and mental examinations of petitioner and the children; and (3) the court erred in denying his motion *in limine* to exclude the testimony and evidence from Mt. Sinai personnel.

■ Respondent contends that it was reversible error to deny his request for a Rule 215(a) hearing. We agree.

Supreme Court Rule 215(a) states:

"In any action in which the physical or mental condition of a party or of a person in his custody or legal control is in con-

troversy, the court, upon notice and for good cause shown on motion made within a reasonable time before the trial, may order the party to submit to a physical or mental examination by a physician suggested by the party requesting the examination, or to produce for such examination the person in custody or under legal control who is to be examined. The court may refuse to order examination by the physician suggested but in that event shall permit the party seeking the examination to suggest others. A party or person shall not be required to travel an unreasonable distance for the examination. The order shall fix the time, place, conditions, and scope of the examination and designate the examining physician." 107 Ill. 2d R. 215(a).

The provisions of the rule are not mandatory. (*Happel v. Mecklenburger* (1981), 101 Ill. App. 3d 107, 427 N.E.2d 974.) A trial court has broad discretion in determining whether a physical examination should be ordered under Rule 215(a), and the court's decision will not be reversed absent an abuse of that discretion. (*Happel*, 101 Ill. App. 3d 107; *In re Estate of Ragen* (1979), 79 Ill. App. 3d 8, 398 N.E.2d 198.) In *In re Estate of Stevenson* (1970), 44 Ill. 2d 525, 256 N.E.2d 766, the Illinois Supreme Court pointed out that the rule does not permit unlimited and indiscriminate mental and physical examinations of persons, but gives a court discretion to order such examinations only when the physical or mental condition of the person sought to be examined is in controversy and good cause is shown for the examination. 44 Ill. 2d at 529.

In *Marcus v. Marcus* (1974), 24 Ill. App. 3d 401, 320 N.E.2d 581, this court stated that the physical and mental condition of both parents is necessarily a material issue in cases involving custody of a child. (24 Ill. App. 3d at 406.) It follows that in a custody case such as the one before us, where there is an allegation that the minor children were sexually abused by one of the parents, the physical and mental condition of the children and of both parents is necessarily a material issue. Therefore, we hold that the trial court abused its discretion when it denied respondent's request for a Rule 215(a) examination.

Petitioner contends that because respondent failed to make an offer of proof as to what testimony respondent's expert would have given if an examination had been ordered, the trial court properly denied his request. It hardly needs saying that it would be impossible for respondent to make an offer of proof of the testimony his expert would have given on the question of whether the children

had been sexually abused when respondent's expert was not allowed to examine the children. Accordingly, we find that petitioner's argument is wholly without merit.

Petitioner also contends that the trial court's decision need not be disturbed simply because it refused to allow "still more" testing of the children, who had already been interviewed by numerous psychiatrists and psychologists. This argument ignores the fact that apart from the court-ordered examinations, all of the interviews and examinations to which the children were subjected were done at the behest of the petitioner. While we agree that it is undesirable to expose minor children to repeated psychiatric and psychological testing, we believe it would be both improper and unfair to deny respondent the opportunity to obtain an expert opinion on the validity of accusations as serious as those involved in this case.

Because we have determined that respondent is entitled to a new trial, we need not reach his arguments concerning the weight of the evidence. However, we will consider respondent's arguments concerning the admissibility of testimony from the employees of Mt. Sinai Hospital, since that issue is likely to recur on remand.

Respondent argues that the trial court erred in denying his motion *in limine* seeking to exclude the Mount Sinai evidence. He contends that because the evidence was obtained in violation of the January 17 order enjoining both parties from obtaining psychiatric examinations of the children, it should have been excluded. While we do not condone petitioner's actions in violating the court's order, we do not believe that the trial court was required to exclude the Mt. Sinai evidence.

■ The decision to admit or exclude improperly obtained evidence is within the discretion of the trial court. (See *Poor v. Di Mucci Home Builders, Inc.* (1982), 103 Ill. App. 3d 543, 431 N.E.2d 1338.) We do not believe that the trial court abused its discretion by admitting the Mt. Sinai testimony.

■ ■ The primary consideration before a trial court in a child custody case is the best interests and welfare of the children. (*In re Marriage of Leopando* (1982), 106 Ill. App. 3d 444, 435 N.E.2d 1312; *In re Marriage of Rizzo* (1981), 95 Ill. App. 3d 636, 420 N.E.2d 555.) The best interests and welfare of children necessitate that full advantage should be taken of psychiatric evaluations and opinions in custody cases, particularly where emotional problems are apparent. (*De Franco v. De Franco* (1978), 67 Ill. App. 3d 760, 384 N.E.2d 997.) In reaching our conclusion, we are mindful that there was evidence that Mount Sinai's examination of the children was incomplete and that it

was not done in accordance with the hospital's normal procedure. However, these factors affect only the weight to be given the evidence, not its admissibility.

Accordingly, the judgment of the circuit court of Cook County is reversed and this cause remanded for a new trial.

Reversed and remanded.

FREEMAN, P.J., and RIZZI, J., concur.