2021 IL App (4th) 200319

FILED
May 4, 2021
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | |
|---|---|
| KRISTA KALLAL and SKYLAR KALLAL, Individually and as Next Friends of Their Minor Child, Brooke Kallal, ) | Appeal from the Circuit Court of |
| Plaintiffs-Appellants, ) | Jersey County |
| v. ) | No. 14L10. |
| TIMOTHY LYONS, M.D.; ILLINI MEDICAL ) | |
| ASSOCIATES, S.C.; JERSEY COMMUNITY ) | |
| HOSPITAL; ROSALEE HALLSTEAD; BEVERLY SUE ) | |
| HAWKINS; and COURTNEY STREBEL, ) | Honorable |
| Defendants-Appellees. ) | Joshua Aaron Meyer, |
| ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court, with opinion.
Justices Cavanagh and Steigmann concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiffs Krista, Skylar, and Brooke Kallal appeal from the circuit court's order

finding their counsel in contempt and assessing a daily fine based upon counsel's refusal to direct

them to comply with a discovery order that required each of them to submit to a blood draw for

the purpose of Trio Whole Exome Sequencing (Trio WES) analysis. On appeal, plaintiffs argue

we should (1) reverse the discovery order because the circuit court did not have the authority under

Illinois Supreme Court Rule 215 (eff. Jan. 1, 2018) to order Krista and Skylar to submit to the

blood draw and, without a sample from Krista and Skylar, the record fails to establish the requested

testing of Brooke would be reasonably likely to lead to a medical explanation for her injuries and

(2) vacate the contempt order because their counsel's refusal to direct them to comply with the discovery order was not contemptuous. We vacate the discovery and contempt orders and remand for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3                                    A. Complaint

¶ 4        Plaintiffs filed a complaint raising various claims against defendants Timothy Lyons, M.D.; Illini Medical Associates, S.C.; Jersey Community Hospital; Rosalee Hallstead; Beverly Hawkins; and Courtney Strebel, based upon, or stemming from, alleged injuries Brooke sustained around the time of her birth. Specifically, Brooke, by and through her biological parents, Krista and Skylar, asserted claims of negligence and lack of informed consent for alleged acts and omissions during labor and delivery, which caused her to suffer severe hypoxic ischemic encephalopathy, subgaleal hemorrhage, a fractured clavicle, and a right tension pneumothorax. In addition, Krista and Skylar, in their individual capacities, asserted claims under section 15 of the Rights of Married Persons Act (commonly referred to as the Family Expense Act (750 ILCS 65/15 (West 2012)) for their liability for current and future medical and family expenses incurred on behalf of Brooke due to the alleged negligent acts and omissions of defendants.

¶ 5                                    B. Rule 215 Motion

¶ 6        Pursuant to Rule 215, defendants filed a pretrial motion to compel plaintiffs to submit to a blood draw for the purpose of Trio WES analysis, a type of genetic testing. In support of their motion, defendants attached an affidavit from a clinical geneticist. The geneticist opined— based upon his review of Brooke's physical characteristics, laboratory profile, impairments, and family history—that Brooke's physical and mental impairments "likely have a substantial genetic cause." The geneticist averred Trio WES analysis, utilizing child and parents blood sampling, "is

- 2 -

the optimal means of ascertaining whether Brooke has a genetic etiology for her current impairments." The geneticist further averred Trio WES analysis "would require blood draws from Brooke Kallal and both biological parents." In forming his opinion and suggesting plaintiffs submit to a blood draw for the purpose of Trio WES analysis, the geneticist acknowledged Brooke had previously undergone another type of genetic testing, chromosomal microarray, which produced normal results. The geneticist maintained Trio WES analysis would still be appropriate, as it "is significantly more complete in a comprehensive genetic evaluation."

¶ 7            C. Memorandum of Law in Response to the Rule 215 Motion

¶ 8            Plaintiffs filed a memorandum of law in response to defendants' Rule 215 motion. Plaintiffs objected to defendants' motion, asserting the requested relief was inappropriate under Rule 215. With respect to Krista and Skylar, plaintiffs argued the court had "no authority under Rule 215 to order them to submit to a physical examination," as their medical conditions were not in controversy. Plaintiffs also noted Krista and Skylar were pursuing claims on behalf of Brooke in a representative capacity. With respect to Brooke, plaintiffs argued Trio WES analysis, as described by defendants and their clinical geneticist, required samples from both the child and the biological parents. Without the samples from the parents, the requested testing would be meaningless. Plaintiffs also argued the requested testing went far beyond anything previously allowed in Illinois and was not justified based upon the clinical geneticist's affidavit.

¶ 9            D. Reply in Response to the Memorandum of Law

¶ 10            Defendants filed a reply to plaintiffs' memorandum of law in response to their Rule 215 motion. With respect to plaintiffs' argument concerning Krista and Skylar, defendants argued:

> "The Kallals have sued defendants asserting both individual and
>
> representative claims. They have placed their own physical (genetic)

conditions at issue in this case by claiming that their biological minor child was injured by negligence and denying that the minor's injury could be related to a genetic defect (which the child's own medical providers suspect). As Trio WES [analysis] requires parental sampling, the parents' genetic composition is at issue, and the science establishing this reality is uncontradicted in the record before this court."

Defendants further argued Krista's and Skylar's "medical/genetic conditions may be relevant to conditions of Brooke Kallal at birth and discovery of such medical/genetic information is necessary to prepare for trial." With respect to plaintiffs' argument concerning Brooke, defendants argued the unopposed affidavit from their clinical geneticist established their right to the requested relief and noted other courts have ordered blood tests for other types of genetic testing. Defendants did not respond to plaintiffs' assertion that Trio WES analysis would be meaningless without the samples from the parents.

¶ 11                     E. Hearing on the Rule 215 Motion

¶ 12          The circuit court held a hearing on defendants' Rule 215 motion. During argument, defendants recognized "a more novel issue is the *** parental testing." Defendants argued the genetic material from Krista and Skylar was "relevant to a complete evaluation of the genetic makeup of Brooke, *** and the parents are parties." In so arguing, defendants noted it was "uncontradicted" that "Trio WES *** analysis requires parental testing." In response, plaintiffs maintained Krista's and Skylar's physical conditions were not in controversy and, without samples from them, the requested testing on Brooke would be meaningless. In reply, defendants noted, "Trio WES testing the Trio comes from biological parents and the child" and "[t]here is WES

- 4 -

testing as well." After hearing from defendants and plaintiffs, the circuit court, indicating it considered the arguments and material presented, found "in favor of the defendants on this issue and will find that there is good cause and that the probative value outweighs any risk or potential risk to the patient and that includes not only the child but the two parents." The court entered a discovery order that required Krista, Skylar, and Brooke to submit to a blood draw for the purpose of Trio WES analysis.

¶ 13                        F. Motion to Reconsider and Motion for Sanctions

¶ 14            Plaintiffs filed a motion to reconsider the discovery order, and defendants filed a motion for sanctions based upon plaintiffs' refusal to comply with the discovery order. Following a hearing, the circuit court entered an order denying plaintiffs' motion, granting defendants' motion, holding plaintiffs' counsel in contempt for refusing to direct his clients to submit to the ordered blood draw, and ordering plaintiffs' counsel be fined $10 per day until the plaintiffs submitted to the ordered blood draw.

¶ 15            This appeal followed.

¶ 16                                II. ANALYSIS

¶ 17            On appeal, plaintiffs argue we should (1) reverse the discovery order because the circuit court did not have the authority under Rule 215 to order Krista and Skylar to submit to the blood draw and, without a sample from Krista and Skylar, the record fails to establish the requested testing of Brooke would be reasonably likely to lead to a medical explanation for her injuries and (2) vacate the contempt order because their counsel's refusal to direct them to comply with the discovery order was not contemptuous. Defendants disagree.

¶ 18            Where an appeal is taken from an order of contempt for failure to comply with a discovery order, our review of the contempt order encompasses a review of the propriety of the

- 5 -

underlying discovery order on which the contempt order is based. *Harris v. One Hope United, Inc.*, 2015 IL 117200, ¶ 6, 28 N.E.3d 804. The underlying discovery order required Krista, Skylar, and Brooke to submit to a blood draw for the purpose of Trio WES analysis. The order was issued pursuant to Rule 215. Rule 215 provides, in relevant part, as follows:

> "In any action in which the physical or mental condition of a party or of a person in the party's custody or legal control is in controversy, the court, upon notice and on motion made within a reasonable time before the trial, may order such party to submit to a physical or mental examination by a licensed professional in a discipline related to the physical or mental condition which is involved." Ill. S. Ct. R. 215(a) (eff. Jan. 1, 2018).

"Rule 215 is a rule of discovery, the purpose of which is to permit the discovery of facts which will assist the trier of fact to reach a correct determination of the issues before it." *In re Conservatorship of the Estate of Stevenson*, 44 Ill. 2d 525, 529, 256 N.E.2d 766, 768 (1970). However, the rule "does not permit unlimited and indiscriminate mental and physical examinations of persons." *Id.* Rather, it permits a circuit court to exercise its discretion to order such examinations only when certain requirements are met. *Id.* One of those requirements being that the physical or mental condition of a party is in controversy.

¶ 19        Plaintiffs argue the circuit court did not have the authority under Rule 215 to order Krista and Skylar to submit to a blood draw for the purpose of Trio WES analysis because they were not parties within the meaning of Rule 215 and because their physical conditions were not in controversy. In support of their argument suggesting they were not parties within the meaning Rule 215 and as an alternative request for relief if this court rejects their argument, plaintiffs contend

Krista and Skylar could avoid the ordered testing by simply withdrawing their claims under the Family Expense Act and seeking the appointment of a guardian to pursue Brooke's claims. Plaintiffs further argue, without a sample from Krista and Skylar, the record fails to establish the requested testing of Brooke would be reasonably likely to lead to a medical explanation for her injuries, as the testing is meaningless without samples from both biological parents.

¶ 20 In response to plaintiffs' argument suggesting Krista and Skylar were not parties within the meaning of Rule 215, defendants assert the argument is forfeited, as it is (1) a new argument raised for the first time on appeal, (2) an undeveloped argument, or (3) meritless because they presented claims in their individual capacities under the Family Expense Act and because they have a financial interest in the outcome of Brooke's claims. With respect to plaintiffs' claims Krista's and Skylar's physical conditions were not in controversy, defendants further argue Krista and Skylar placed their physical conditions at issue, since their claim under the Family Expense Act "is inextricably tied to the cause of Brooke's impairments" and they "may not recover for genetically caused problems." Alternatively, defendants argue their clinical geneticist never averred the requested testing would be meaningless without a sample from Krista and Skylar.

¶ 21 Given the arguments presented below, the circuit court was required under the plain language of Rule 215 to first address whether Krista and Skylar were parties whose physical conditions were in controversy. As defendants recognized during the hearing on their motion, "parental testing" was a "novel issue." Despite the novelty of the issue, the circuit court provided this court with no analysis or findings as to whether Krista and Skylar were parties whose physical conditions were in controversy. This is particularly concerning where the case law relied upon by the parties in support of their respective positions on appeal stem, with one exception, from decisions made by federal and state trial court judges interpreting rules similar to Rule 215. See

*Fisher. v. Winding Waters Clinic, PC*, No. 2:15-cv-01957-SU, 2017 WL 574383 (D. Or. Feb. 13, 2017); *Young v. United States*, 311 F.R.D. 117 (D.N.J. 2015); *Burt v. Winona Health*, Civil No. 16-1085 (DWF/FLN), 2018 WL 3647230 (D. Minn. Aug. 1, 2018); *Meyers v. Intel Corp.*, C.A. No. N11C-07-009 JRJ, 2015 WL 3643470 (Del. Super. Ct. June 11, 2015); *Cruz v. Superior Court*, 17 Cal. Rptr. 3d 368 (Ct. App. 2004). For this court to address the issue without any analysis or findings by the circuit court would not serve the interests of justice and the development of good law. Further, without any findings or analysis for this court to review concerning the parental testing, we find it would be premature to consider the correctness of the decision to order Brooke to submit to a blood draw for the purpose of Trio WES analysis, which, from the record presented and case law cited, appears to *require* a blood draw from both biological parents. We conclude the discovery order was granted without a sufficient underpinning. A more thorough examination is necessary. We vacate the discovery order and remand for further proceedings.

¶ 22    Last, plaintiffs request we vacate the contempt order because their counsel's refusal to direct them to comply with discovery order was not contemptuous. Defendants, other than asserting we should affirm the contempt order, do not respond to plaintiffs' argument. Where the refusal to comply with a discovery order is made in good faith to preserve an issue for appeal, this court may vacate a contempt order. *Salvator v. Air & Liquid Systems Corp.*, 2017 IL App (4th) 170173, ¶ 72, 92 N.E.3d 529. Given the record presented, we find plaintiffs' counsel's refusal to direct plaintiffs to comply with the discovery order was a good faith effort to test the correctness of the order on appeal. We vacate the contempt order.

¶ 23                        III. CONCLUSION

¶ 24    We vacate the discovery and contempt orders and remand for further proceedings.

¶ 25    Orders vacated and cause remanded.

---

**No. 4-20-0319**

---

| | |
|---|---|
| **Cite as:** | *Kallal v. Lyons*, 2021 IL App (4th) 200319 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Jersey County, No. 14-L-10; the Hon. Joshua Aaron Meyer, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James P. Leonard, of St. Louis, Missouri, for appellants. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Melinda S. Kollross and Paul V. Esposito, of Clausen Miller P.C., of Chicago, and Timothy S. Richards, of Neville, Richards & Wuller, LLC, of Belleville, for appellees Timothy Lyons, M.D., and Illinois Medical Associates, S.C.<br><br>Kenneth W. Bean and Teresa Bartosiak, of Sandberg Phoenix & Von Gontard, P.C., of St. Louis, Missouri, for other appellees. |

---